UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN ROSE,** | ) | **CASE NO. 1:05 CV 192** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **REGINALD WILKINSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On July 26, 2005, a telephone conference was held in the above-captioned case. For the following reasons, Defendants' Amended Motion to Dismiss ("Motion") is **GRANTED** in part and **DENIED** in part. **(ECF No. 12).**

On February 3, 2005, *pro se* Plaintiff Norman Rose filed a seven-count Complaint in the above-captioned case against the Ohio Department of Rehabilitation and Correction ("ODRC"), Reginald Wilkinson (Director of the ODRC) and Terry Collins (Deputy Director of Prisons to the ODRC) (collectively "Defendants"). *ECF No. 1*. On February 7, 2005, Plaintiff filed an identical complaint against the ODRC, Wilkinson and Collins in the Ohio Court of Claims. *ECF No. 12, Exh. 1*. On April 21, 2005, Plaintiff filed an Amended Complaint. *ECF No. 15, Amended Complaint,* ("Am. Compl."). The Amended Complaint alleges that Defendant Wilkinson used his position at the ODRC to endorse and promote religion, specifically Christianity, in violation of the

Establishment Clause of the First Amendment to the U.S. Constitution.[1]  *Am. Compl.* ¶¶ 31, 66, 73. Plaintiff alleges that Defendant Wilkinson, among other things, led employees and inmates in Christian prayers during training and other secular state events, *id. ¶¶* 30(E), 131(D), held mandatory employee training in Christian churches, *id.* ¶ 30(D), ordered Plaintiff and other wardens to promote a Christian proselytizing event (the Promise Keepers program) in Ohio prisons, *id.* ¶¶ 32-33, and required Plaintiff and all ODRC employees to support an offender reentry plan that endorses religion over non-religion (the Ohio Plan), *id.* ¶ 30K.  *See also ECF No. 16, Pl.'s Mem. in. Opposition,* ("Response") ¶ 46. As a result of these claimed violations, Plaintiff argues that he was wrongfully demoted from his position as warden of the Richland Correctional Institution to a position as deputy warden, and denied statutory fallback rights to a classified civil service position.  Specifically, Plaintiff alleges that he was ordered to promote the Promise Keepers program, and then discharged for issuing the order.  *Am. Compl.* ¶¶ 32-33, 38, 40.  The letter of discipline recommending that Plaintiff be discharged and demoted to the unclassified position of deputy warden states four reasons as the basis for removal, one of which was ordering inmates to watch the Promise Keepers broadcast.  *Id*. ¶ 50.  Accordingly, Plaintiff seeks injunctive relief to stop Defendants from continuing to engage in these acts in violation of the First Amendment.  *Id*. ¶ 131-32.

On February 28, 2005, Defendants filed a Motion to Dismiss, and on April 13, 2005, an Amended Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

---

[1] In addition to the First Amendment claim, the Amended Complaint alleges violations of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution and state law claims for breach of contract and promissory estoppel.  Plaintiff also alleges a claim for civil conspiracy, but argues that this claim is cognizable under § 1983. *ECF No. 16, Pl.'s Mem. in. Opposition,* ("Response") ¶ 14.

12(b)(6).  *ECF Nos. 7, 12*.  On July 26, 2005, after the Amended Motion was fully briefed, *see ECF Nos. 16, 18, and 21,* the Court held a telephone conference with Plaintiff and defense counsel.

The Eleventh Amendment prohibits suits against a "state" in federal court whether for injunctive, declaratory or monetary relief.  *Lawson v. Shelby County,* 211 F.3d 331, 335 (6th Cir. 2000).  Under the *Ex Parte Young* exception, however, the Court may award prospective non-monetary relief to a plaintiff challenging the constitutionality of a state official's action.  *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002) (holding that the award must govern the official's future conduct); *Lawson,* 211 F.3d at 335 ("[A] suit against a state officer is not a suit against the state when the remedy sought is an injunction against an illegal action, for an officer is not acting on behalf of the state when he acts illegally.").  Injunctive relief is available only against the state officers – not the state itself – who violate federal law.  *Lawson*, 211 F.3d at 335 (awarding declaratory relief under *Young* exception because request for such relief was ancillary to request for prospective injunctive relief).

During the telephone conference, Plaintiff agreed to dismiss without prejudice all claims regarding his discipline, demotion and fallback rights because those claims, which were also made in his Ohio Court of Claims case, are better left to that court for resolution.  This Court will retain jurisdiction over Plaintiff's claim for prospective injunctive and declaratory relief to stop what he contends is conduct by ODRC officials which violates his First Amendment rights.

The Court directs Plaintiff to provide to defense counsel any and all information in his possession evidencing his claim that ODRC officials are endorsing and/or coercing religious practice.

Counsel for defendant is to promptly investigate these allegations. A follow-up telephone conference, to be initiated by defense counsel, will be held on August 23, 2005 at 12:45 P.M.

Accordingly, the Amended Motion to Dismiss **(ECF No. 12)** is hereby **GRANTED** with respect to all claims regarding Plaintiff's discipline, demotion and fallback rights and **DENIED** with respect to Plaintiff's request for prospective non-monetary relief to stop what Plaintiff contends is conduct by ODRC officials which violates his First Amendment rights. The former claims are dismissed without prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster 7/27/2005*
**Dan Aaron Polster**
**United States District Judge**