

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN ROSE, | ) | CASE NO. 1:05 CV 192 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| REGINALD WILKINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are the following Motions filed by Plaintiff Norman Rose:

(1) Motion to Accept Plaintiff's Second Set of Requests for Admission as Facts **(ECF No. 32)**;

(2) Motion to Compel Production of Documents **(ECF No. 33)**; (3) Motion to Change Case from

Standard to Complex Track **(ECF No. 34)**; and (4) Motion for Sanctions **(ECF No. 35)**

(collectively, "Motions").

Defendants filed a single memorandum in opposition to all four motions. *ECF*

*No. 38* ("Response"). For the following reasons, the Motions are **DENIED** subject to the Court's

instructions on page 3 of this Opinion.

In his first motion (ECF No. 32), Plaintiff asks that his second set of requests for admission be accepted as fact. According to Plaintiff, Defendants provided evasive responses and failed to truthfully respond to his first set of requests for admissions. *Id.* at 2. In an effort to address Defendants' concern that the first set of requests was ambiguous and overbroad, Plaintiff clarified and re-submitted his requests to Defendants. *Id.* at 3. The second set of requests advised Defendants that each asserted fact not responded to within 30 days would be considered admitted. *Id.* at 3. Defendants failed to respond to this second submission within the time prescribed. As a result, Plaintiff asks that the second set of requests be accepted as fact. *Id.* at 4.

The second motion (ECF No. 33) alleges that Defendants failed to respond to Plaintiff's three requests for document production. *Id.* at 2. Plaintiff claims he has not received a single requested document or any indication that documents will be produced, and requests an order directing Defendants to produce all requested documents. *Id.*

In his third motion (ECF No. 34), Plaintiff seeks an order re-assigning his case from the standard to the complex track, claiming that Defendants' failure to participate in good faith discovery requires him to present additional witnesses and more evidence than permitted under the standard track of case management. The motion also alleges that Defendants have refused to honor several requests for authentication of documents. *Id.* at 6. Defendants failed to authenticate these documents on the grounds that the documents were not attached to the requests for authentication. However, Plaintiff alleges these documents accompanied the requests for authentication or were provided to Defendants at a prior time. *Id.*

In addition, Plaintiff moves for sanctions (ECF No. 35), claiming that Defendants have obstructed discovery in failing to respond to Plaintiff's interrogatories, requests for

admissions, and requests for document production and in failing to authenticate documents. *Id.* at 1-2.

In their opposition brief, Defendants argue that none of the documents requested by Plaintiff are relevant to the instant litigation, the discovery requests seek information that is undiscoverable and beyond the scope of the instant litigation, and the case does not qualify for complex litigation given the narrow and straightforward allegations at issue in the case. *Response,* at 1-3.

The Court directs Defendants to respond to Plaintiff's Second Set of Requests for Admission and to specifically respond to Plaintiff's four sets of requests for authentication **no later than May 5, 2006**. Should Defendants claim they do not possess any specific document, Plaintiff shall re-send that document. to Defendants.

As for the motion to compel (ECF No. 33), if Plaintiff seeks to compel production of any documents, he must file a motion clearly articulating why the documents are relevant to the instant action.

With respect to Plaintiff's request to change the case from standard to complex track, the Local Rules of the Northern District of Ohio direct the Court to evaluate each civil case in accordance with Rule 16.2(b) and to assign the case to one of the case management tracks described in Rule 16.2(a)(2). Rule 16.2(b)(2) lists the factors the Court must consider in assigning cases to the "standard track." These factors include: more than a few legal issues, some of which are unsettled; routine discovery; and up to ten fact witnesses. Those cases designated for "complex track" have "[n]umerous, complicated and possibly unique" legal issues and require "extensive" discovery. LR 16.2(b)(3). The instant action does not involve numerous

-3-

or complicated legal issues or extensive discovery. The Court has confined the issue in this case to whether Defendants are endorsing and/or coercing religious practice. *See ECF No. 22* (Memorandum of Opinion and Order of July 27, 2005, at 1-3). Given that the Court has directed Defendants to respond to Plaintiff's requests for admission and authentication, the primary rationale underlying Plaintiff's request to assign this case to the complex track (Defendants' failure to participate in good faith discovery) is now moot. Accordingly, this motion is denied.

Presumably, Plaintiff moves the Court for sanctions pursuant to Federal Rule of Civil Procedure 37. Plaintiff alleges that Defendant's conduct "has caused [him] considerable expense of time and money." *ECF No. 35,* at 8. There is no evidence that Defendants' failure to cooperate in discovery is due to bad faith. More importantly, the Court has considered and applied a less drastic alternative to the imposition of monetary sanctions by directing Defendants to respond to Plaintiff's requests for admission and authentication of documents. Accordingly, Plaintiff's request for sanctions is denied.

For the foregoing reasons, the Motions **(ECF Nos. 32, 33, 34, 35)** are hereby **DENIED** subject to the Court's instructions on page 3 of this Opinion.

**IT IS SO ORDERED.**

_____
**Dan Aaron Polster**
**United States District Judge**